UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARON BAHE, et al.,**
       **Plaintiff,**

v.

**Case No. 2:21-cv-5496**
**Judge Edmund A. Sargus, Jr.**
**M**a**gistrate Judge Chelsey M. Vascura**

**CITY OF UPPER ARLINGTON, et al.,**

     **Defendants.**

## OPINION AND ORDER

This matter arises on Defendants City Council Members, Chad Gibson, Brendan King, Justin Milam, Steven Schoeny, and Darren Shulman's Motion for Judgment on the Pleadings Based on Colorado River Abstention. (ECF No. 7). Also addressed in this Order are Defendants Motion to Stay Case Pending Decision in State Court Administrative Appeal or, in the Alternative, to Amend Case Schedule (ECF No. 20) and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 21).

**A. Procedural Background**

Plaintiffs filed this action in federal court against the City of Upper Arlington on November 29, 2021. (ECF No. 1). They allege a "violation of The Takings Clause of the Fifth Amendment and applied by the Fourteenth Amendment to the State political subdivision by its refusal to pay plaintiffs Just Compensation for the takings and damages that Upper Arlington, Ohio has caused to Plaintiffs Aaron Bahe and Elizabeth Bahe by the regulatory taking of their real property and confiscation of the opportunities to profit from the development of their residential buildable sublots as described herein below." (ECF No. 1, at 2). Further, Plaintiffs also allege "a claim under 42 U.S .C. §1983 against all defendants." (*Id*.). Plaintiffs listed the City of Upper

Arlington's City Council members Chad Gibson, Brendan King, Justin Milam, Steven Schoeny, and Darren Shulman as named Defendants. (*Id*.)

Defendants answered Plaintiffs' complaint on January 31, 2022. (ECF No. 3). They filed the instant Motion for Judgment on the Pleadings Based on Colorado River Abstention on March 21, 2022. (ECF No. 7). Plaintiffs responded shortly thereafter, on April 5, 2022. (ECF No. 10). Defendants replied on April 15, 2022. (ECF No. 11). Plaintiffs filed a Sur-Reply on April 19, 2022. (ECF No. 12).[1] Shortly thereafter, Plaintiffs filed an Amended Sur-Reply, on April 21, 2022. (ECF No. 14). Plaintiffs then further amended this amended document on April 25, 2022. (ECF No. 16).

### B. Factual Background

Plaintiffs, Aaron and Elizabeth Bahe, own property located at 2091 Riverhill Road in the city of Upper Arlington. (ECF No. 1, at 1). Plaintiffs have owned this property since 2016. (ECF No. 7, at 2). It is comprised of two distinct, but connected, lots. (ECF No. 1, at 3). These lots were zoned R-1C. (ECF No. 7, at 3). Such a designation requires a minimum lot frontage of 75 feet and minimum lot area of 9,000 square feet for new home construction. (*Id*.). Plaintiffs' lots do not meet these minimum requirements when considered separately. (*Id*.). Thus, the city's zoning code classified the two lots as merged into one. (*Id.*)

In 2021, Plaintiffs came into conflict with the City of Upper Arlington when they applied to the city for a zoning variance. The Bahe's had apparently "sought to obtain a variance so that they could sell their property to a developer to demolish the house situated across two platted

---

[1] Plaintiffs never requested leave of the Court to file a Sur-Reply as required by the Court's local rules. However, despite this failure of compliance, the Court will consider Plaintiff's Sur-Replies.

parcels of record, split the existing property, and construct one house on each non-conforming lot.  (ECF No. 7, at 3).  The Board of Planning and Zoning (BZAP), however, denied Plaintiffs the variance.  (*Id*., at 3–4).  Plaintiffs appealed this decision to the Upper Arlington City Council, which voted to uphold the precious decision.  (ECF No. 7, at 3–4) (ECF No. 10, at 10).  Plaintiffs then launched an administrative appeal under R.C. Chapter 2506 in the Franklin County Court of Common Pleas, Case No. 21CV2615.  (ECF No. 7, at 4) (ECF No. 7, Exhibit 5).

In their appeal, Plaintiffs alleged that the city's denial of a variance was unlawful and unconstitutional.  (ECF No. 7, Exhibit 5, at 1).  They alleged they were entitled to relief under the Takings Clause of the Fifth Amendment and under 42 U.S .C. §1983.  (ECF No. 7, Exhibit 5, at 1–2) (ECF No. 7, Exhibit 5, at 2).  Plaintiff and Defendants fully briefed the issue and are now waiting for a decision.  (ECF No. 7, Exhibits 5–7).

On November 29, 2021, after filing their administrative appeal in state court, Plaintiffs filed a complaint against Defendants in federal court.  (ECF No. 1).  In their complaint, Plaintiffs allege a "violation of The Takings Clause of the Fifth Amendment and applied by the Fourteenth Amendment to the State political subdivision" as well as "a claim under 42 U.S .C. §1983 against all defendants who maliciously determined to take their real property rights and prevent them from constructing new residence homes."  (ECF No. 1, at 2–3).

**C. Standard**

The Court reviews a Rule 12(c) motion for judgment on the pleadings in the same manner it would review a motion made under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Generally, an action will be

3

dismissed under this standard where "there is no law to support the claims made." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1169 (S.D. Ohio 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). The same holds where "the facts alleged are insufficient to state a claim." *Id.* Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*).

Several considerations inform whether a complaint meets the facial-plausibility standard. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Further, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint will not, however, "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Courts must construe the claim at issue in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

This case raises the question of whether a federal district court should abstain from proceeding in a case concerning the same issues presented in an earlier pending state court case.

> "In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), the United States Supreme Court set forth factors for courts to consider when deciding whether dismissing a federal action when there is a concurrent state action pending is appropriate. In *Romine v.*

*CompuServe, Corp.*, 160 F.3d 337 (6th Cir. 1998), the Sixth Circuit adopted the *Colorado River* abstention doctrine. "Abstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)).

> "The threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (citing *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984)). However, the state court proceedings do not have to be identical, rather only "substantially similar." *Romine*, 160 F.3d at 340. In considering whether parallel proceedings are "Substantially similar," the Court considers the following factors:
>
> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.
>
> *Romine*, 160 F.3d at 340-41. "These factors, however, do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a given case' depending on the particular facts at hand.'" *Id.* at 341 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15-16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

*Hunter v. Rhino Shield*, 2019 U.S. Dist. LEXIS 166623 (S.D. Ohio Sep. 25, 2019)

### D. Threshold Matter

This Court takes judicial notice of all public records related to Plaintiff's litigation against Defendants in the Franklin County Court of Common Pleas. (ECF No. 7, Exhibits 5–7). The Court does not take judicial notice of these records to establish the truth of the facts within, but rather for the existence of the documents themselves.

Courts are usually barred from taking judicial notice of facts when considering motions to dismiss. "The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James

5

Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)). However, "on a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Winget v. JP Morgan Chase Bank*, N.A., 537 F.3d 565, 576 (6th Cir. 2008). Further, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). Additionally, Plaintiff has asked this Court to take judicial notice of certain opinions. (ECF No. 10, at 12). Given the settled precedent and the Plaintiffs' request, this Court takes judicial notice of all public records related to Plaintiff's ongoing litigation against Defendants in the Franklin County Court of Common Pleas.

E. Analysis

Defendants request "judgment on the pleadings pursuant to Fed.R.Civ. P.12(C) based on the abstention doctrine set forth in *Colo. River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976). This doctrine allows federal courts to dismiss a case when there is a parallel state case. Plaintiffs maintain dismissal is unwarranted. (ECF No. 10). Plaintiffs do not substantively respond to Defendants' arguments. Nowhere in their Response is the *Colorado River* doctrine even mentioned. (*Id.*). Plaintiffs failed to even argue that the state proceedings were not parallel until their first amended Sur-Reply. (ECF No. 14, at 1).

Despite Plaintiffs failure to effectively litigate their case, the Court does not grant Defendant's motion by default. Instead, the Court looks at Plaintiff's federal claim under the *Colorado River* abstention doctrine. As mentioned above, "[t]he threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (citing *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d

6

28, 31 (6th Cir. 1984). Here, the Court finds Plaintiffs' suits in state and federal court are parallel. The eight *Colorado River* factors indicate that the cases are "substantially similar." As such, the Court **GRANTS** Defendant's motion.

### a. Parallel

In order to invoke the *Colorado River* doctrine, a Defendant must show that a state and a federal action are "parallel." As the Sixth Circuit has explained, parallel does not mean identical. Instead, it means something more akin to "substantially similar."

> Even though under *Colorado River* a district court may abstain from exercising its jurisdiction in deference to a state court proceeding only where the two actions are deemed 'parallel,' this court has never held that only a perfect, or even near-perfect, symmetry of parties and causes of action would satisfy this requirement. *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998). On the contrary, so long as 'the parties are substantially similar,' and the claims raised in both suits are 'predicated on the same allegations as to the same material facts,' the two actions will come close enough to count as parallel. Id.
>
> *Preferred Care of Del., Inc. v. Vanarsdale*, 676 F. App'x 388, 393 (6th Cir. 2017).

Defendants maintain that Plaintiffs' federal case runs parallel to their administrative appeal in Ohio's court system. "Plaintiffs' claims in both actions are based on the same facts and core legal claims." (ECF No. 7, Page 6). Plaintiffs do not respond to this argument in their Response. However, they do point out that their claim in state court is merely an administrative appeal. (ECF No. 10, at 15). It is not until Plaintiff's first amended Sur-Reply that Plaintiffs engage with Defendants' argument. And even then, Plaintiffs merely state in a conclusory fashion that Defendants "falsely claimed" the state proceedings were parallel to the federal

7

proceedings, and "[t]he issues are not identical." (ECF No. 16, at 1). Plaintiffs do not justify these conclusions. The Court concurs with Defendants.

"In deciding whether a state action is parallel for abstention purposes, a court must compare the issues in the federal action to the issues actually raised in the state court action, not those that might have been raised." *Bath & Body Works v. Wal-Mart Stores*, Case No. C-2-99-1190, 2000 U.S. Dist. LEXIS 20168 (S.D. Ohio Sep. 12, 2000) citing *Baskin v. Bath Township Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994). "Exact parallelism is not required; it is enough if the issues in the two proceedings are substantially similar." *Id.* "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid. & Deposit Co.*, 2001 U.S. Dist. LEXIS 32, 2001 WL 11060, at *1 (S.D.N.Y. Jan. 3, 2001).

Here, Plaintiff's actions are against essentially the same Defendants. (ECF No. 1, at 2) (ECF No. 7, Exhibit 5, at 1). In both suits, Plaintiff accuses Defendants of illegally taking their land in furtherance of planned political corruption. (ECF No. 1, at 3) (ECF No. 7, Exhibit 5, at 1). The land in both actions is the same. (ECF No. 1, at 3) (ECF No. 7, Exhibit 5, at 3). And the same regulatory restraint is at issue. (ECF No. 1, at 2–3) (ECF No. 7, Exhibit 5, at 3).

Further, while the relief requested in each case does vary, the federal claim has a monetary component that the state claim lacks, the requests also overlap substantially. (ECF No. 1, at 14–15) (ECF No. 7, Exhibit 5, at 17). At core, both claims are attempts to force the City to issue building permits. As such, these actions appear to be parallel. Further, the substantial similarity of these cases is even more apparent upon examination of the eight *Colorado River* factors.

### b. Whether either court has assumed jurisdiction over property

Neither this Court nor the state court have assumed jurisdiction over Plaintiff's property. As such, this factor does not yet implicate the abstention doctrine.

### c. The avoidance of piecemeal litigation

As mentioned above, the issues before this Court and the state court are substantially similar. As two courts deciding the same issue, it is possible that this Court and our esteemed colleague in state court will reach differing conclusions. Inconsistent decisions create the potential for piecemeal litigation, and even conflict between the courts' orders. Further, Plaintiff does not argue this element. As such, the factor weighs in favor of abstention.

### d. The order in which the courts obtained jurisdiction

Plaintiffs filed their state court appeal in April 2021. (ECF No. 7, Exhibit 4). Plaintiffs' federal suit was filed on November 29, 2021. (ECF No. 1). This factor supports abstention.

### e. The inconvenience of the federal forum

Both Plaintiffs and named Defendants are located in central Ohio. (ECF No. 7, at 8) (ECF No. 7, Exhibit 5, at 1). Since the state and federal forums are both located in central Ohio as well, either forum should be equally accessible. Further, neither Plaintiffs nor Defendants have noted any inconveniences associated with either forum. As such, this factor does not implicate abstention.

### f. Whether the substantive rule of the case comes from state or federal law

Plaintiffs brought their suit against Defendants "for its violation of The Takings Clause of the Fifth Amendment and applied by the Fourteenth Amendment to the State political

subdivision by its refusal to pay plaintiffs Just Compensation for the takings and damages that Upper Arlington, Ohio has caused to Plaintiffs Aaron Bahe and Elizabeth Bahe by the regulatory taking of their real property." (ECF No. 1, at 2). Framed in this manner, it appears that the substantive rule of the case comes from federal law. However, as Defendants point out, the core issue here is whether Plaintiffs were deprived of property without just compensation. And courts in this circuit have often recognized that property right are a creation of state law. *Kearns v. Chesapeake Exploration, L.L.C.*, 762 Fed. Appx. 289, 296 (6th Cir. 2019) ("A taking requires a property interest, and for that we look to state law"), citing *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 707, 130 S. Ct. 2592, 177 L. Ed. 2d 184 (2010) ("Generally speaking, state law defines property interests[.]"). Further, Ohio's R.C. § 713.15 sets out the rights of property owners to continue with their nonconforming use of their land.

This suit is still in its early stages, at least in federal court. Although its contours are not entirely clear, relevant issues will more likely than not turn on the constitutionality of the Defendant's regulatory taking of Plaintiffs' land. As such, the substantive rule of the case likely comes from federal law. This factor does not support abstention. However, given the present uncertainty, the Court will not give this factor great weight. Particularly because "the Supreme Court has stated that the source-of-law factor is less significant when the states and federal courts have concurrent jurisdiction." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004).

## g. Whether the state court proceeding is inadequate to protect the plaintiff's rights

Ohio's courts are an adequate forum to protect Plaintiffs' rights in this case. Plaintiffs, of their own volition, have launched suit in state court and have actively litigated the case. While Plaintiffs argue "the Defendants' have sought to prevent and limit the relief Plaintiffs' have

10

sought in the Franklin County Court of Common Pleas," it is unclear how a decision by the Franklin Count Court of Common Pleas would actually limit Plaintiffs' rights. (ECF No. 10, at 15). While Plaintiff's state action is technically an administrative appeal, other than the addition of monetary relief, Plaintiffs have asked for essentially same the relief in state and federal court. (ECF No. 1, at 14–15) (ECF No. 7, Exhibit 5, at 27).

At core, Plaintiffs are simply seeking to overturn the City's denial of his building applications. (ECF No. 1, at 14–15) (ECF No. 7, Exhibit 5, at 27). And as Defendants point out, Plaintiffs had the opportunity to bring an action for damages in state court as well. (ECF No. 7, at 9). Thus, Plaintiffs had the opportunity to seek the same relief in state court that they are seeking here. Courts have "recognize[d] that abstention nevertheless is required because these claims could have been raised." *Garter Belt v. Van Buren Twp.*, 66 F. App'x 612, 614 (6th Cir. 2003) (citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *see also Healthcare Co. v. Upward Mobility, Inc.,* 784 F. App'x 390, 394–95 (6th Cir. 2019).

Further, courts have held that abstention can be appropriate even when the Plaintiff has requested different relief, so long as the core legal issues in the two actions are the same. *See Wilson v. Bank of America*, 684 Fed. Appx. 897 (11th Cir. 2017); *Beal Bank United State v. Swift,* N. D. Ill. No. 16C10729, 2017 U.S. Dist. LEXIS 10803. As such, this factor weighs in favor of abstention.

### h. The relative progress of the state and federal proceedings

As the Court has noted, the state proceedings are much more advanced than the instant federal proceedings. The parties completed briefing the issues in their state court case in July of

11

2021.  (ECF No. 7, Exhibits 5–7).  This instant action was not even filed until months after, on November 29, 2021.  (ECF No. 1).  As such, this factor weighs in favor of abstention.

### i. The presence or absence of concurrent jurisdiction

Both this Court and our distinguished state counterpart have concurrent jurisdiction over this case.  As mentioned above, and as Defendants note, "Plaintiffs had the ability to assert all of its claims before the state court, either in the administrative appeal directly or as independent companion claims in the same court."  (ECF No. 7, Page 10).  Plaintiffs do not deny this assertion.  As such, this factor, like most of the others, weighs in favor of abstention.

The eight *Colorado River* factors mostly weigh in favor of abstention.  The only element that weighs against abstention is the substantive rule of the case comes from federal law.  Further, the advanced posture of Plaintiff's administrative appeal, compared to the lack of significant litigation that has occurred in federal court, strongly supports abstention.  As does the potential for piecemeal adjudication. "[T]he most important factor in [the Supreme Court's] decision to approve the dismissal [in Colorado River] was the 'clear federal policy ... [of] avoidance of piecemeal adjudication . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S. Ct. 927 (1983).

As such, Plaintiffs' state administrative appeal and their federal suit are substantially similar, and this Court should abstain from judgment.

### F. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**.  (ECF No. 7).  Defendants Motion to Stay Case Pending Decision in State Court Administrative Appeal or, in the Alternative, to Amend Case Schedule (ECF No. 20) and Plaintiff's Motion for Partial

Summary Judgment (ECF No. 21) are **DISMISSED** as **MOOT**. This case is **DISMISSED** without prejudice.

       **IT IS SO ORDERED.**

| | |
|---|---|
| _____ | _____ |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |